UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Don Douglas Cornelious Wright | ) | |
| and Cynthia Banks Wright, | ) | Case No. 09-10167 |
| | ) | |
| Debtors. | ) | |
| | ) | |

<u>OPINION AND ORDER</u>

This case came before the court on October 12, 2010 for hearing on the Debtors' objection to the proof of claim filed by Shulanda Richardson as Claim No. 45. Jeffrey P. Farran appeared on behalf of the Debtors and Anita Jo Kinlaw Troxler appeared as Chapter 13 Trustee. No appearance was made by or on behalf of Shulanda Richardson (the "Claimant"). Having considered the proof of claim, Debtors' objection and the evidence offered at the hearing, the court makes the following findings of fact and conclusions of law.

FACTS

This chapter 13 case was filed on January 30, 2009.

The Claimant was not listed as a creditor in the Debtors' original schedules. However, on March 10, 2009, the Debtors filed an amended Schedule E that listed the Claimant as holding a priority claim for child support consisting of an ongoing monthly payment of $370.00 and arrearage of $9,080.

On May 18, 2009, a confirmation order was entered. The confirmation order lists the claim of Shulanda Richardson as a domestic support obligation and provides as follows:

> Any timely filed claim for arrearage owed through January 2009 shall be paid in full over the life of the Plan at the rate of $200.00. A claim must be filed to receive disbursements. The Debtor is responsible for regular ongoing direct monthly payments effective February of 2009 forward.

A proof of claim was filed by the Claimant on February 10, 2010. The claim was filed as an arrearage claim in the amount of $10,468.66 with the entire amount listed as a domestic support obligation having priority

- 2 -

under section 507(a)(1).  On August 5, 2010, the Debtors
filed the objection to claim that is now before the
court.

## ANALYSIS

The Claimant's proof of claim reflects that the
$10,468.66 claim consists of unpaid support payments
totaling $3,143.83 and accrued interest of $7,324.83.
At the hearing, the Debtors announced that the only
portion of the claim to which they were objecting was the
$7,324.83 of interest.  While conceding that the
$3,143.83 of unpaid support payments constitute a
domestic support obligation that has priority under
section 507(a)(1), the Debtors argue that the interest
portion of the claim does not qualify as a domestic
support obligation and does not have priority under
section 507(a)(1).  Instead, Debtors maintain that the
interest portion of the claim is a nonpriority unsecured
claim which does not have to be paid in full.

The issue presented is whether interest that accrues

on delinquent domestic support obligations pursuant to applicable nonbankruptcy law is itself a domestic support obligation.  The starting point in resolving this issue is the definition of "domestic support obligation" contained in section 101(14A) of the Bankruptcy Code, which in pertinent part provides as follows:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, <u>including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title</u>, that is . . . owed to or recoverable by . . . a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or . . . a governmental unit;

Emphasis supplied.

It is clear from this definition that a domestic support obligation based upon unpaid child support includes the interest that accrues on such child support pursuant to applicable nonbankruptcy law.

The applicable nonbankruptcy law involved in this

case is the law of Alabama, the state in which the child resides and in which the child support order was entered. Under Alabama law, court-ordered child support payments become final judgments as of the due date of the payment and such payments accrue interest at the 12% statutory rate from the due date of the payment.  See T.L.D. v. C.G., 849 So.2d 200 (Ala. Civ. App. 2002).  This is the rule whether the court order is obtained by a parent or by the Alabama Department of Human Resources.  State Dept. of Human Resources v. R.L.R., 743 So.2d 495, 498 (Ala. Civ. App. 1999)(statutory interest "applies to judgments ordering parties to pay child support, including judgments in favor of DHR").

It follows in the present case that the statutory interest that accrued on delinquent child support payments required under the order that was entered against the male Debtor in Alabama is a part of the domestic support obligation owed by the male Debtor to the Claimant.  As such, the interest has priority status

under section 507(a)(1) and must be paid in full during the plan period.[1]   This conclusion is not inconsistent with the decision in In re Smith (Smith v. Pritchett), 586 F.3d 69 (1st Cir. 2009), which was cited and relied upon by the Debtors. The     Smith   case involved a separation agreement that imposed a penalty of $50 per day when the debtor was late in making his alimony payments.   The court found that the penalty payment was intended as a punitive measure to deter late payment rather than being intended as support for the wife and therefore was not a domestic support obligation.   This is obviously distinguishable from the present case in which the amount in question, i.e., interest, is explicitly included in the statutory definition of the

---

[1]The priority status of the interest owed by the male Debtor does not depend upon the interest being payable to the Claimant rather than the Alabama Department of Human Resources, as suggested by the Debtors, since section 507(a)(1)(B) grants priority status where the domestic support obligation has been assigned to a governmental unit by a spouse or parent or where the domestic support obligation is owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law.

term "domestic support obligation."

The remaining question is whether the claim should be allowed in the amount set forth in the proof of claim. The proof of claim filed by the Claimant is on a form that conforms substantially to the Official Form for a proof of claim, has been completed with the information required by the Official Form and was executed by the Claimant.

The proof of claim includes an attached "Court Order Payment Summary" from the Alabama Child Support Enforcement Division.  The first page of this summary provides a breakdown of the arrearage showing that the arrearage consists of unpaid child support of $3,143.83 and accrued interest of $7,324.83.

The summary is eleven pages in length and includes an itemization of the payments received from the male Debtor from June of 1995 through January of 2010 showing the dates that payments were received, the amount of each payment, the amount that was required under the court

order on the dates that payments were made and the manner in which each payment was applied as between current support and arrearage.

The court concludes that Claimant's proof of claim, viewed in its entirety, is a sufficient proof of claim to constitute prima facie evidence of a valid domestic support obligation claim in favor of the Claimant in the amount of $10,788.66.

This means that the burden of going forward shifted to the Debtors to produce evidence sufficient to negate the prima facie validity and amount of the claim. See In re Hartford Sands, Inc., 372 F.3d 637, 640-41 (4th Cir. 2004). In order to satisfy this burden, "the objector must produce evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal validity." In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). The Debtors failed to carry this burden.

- 8 -

The objection filed by the Debtors did not specify any grounds for objecting to the amount of the claim. Other than challenging whether the interest could be included as a part of the DSO claim, the Debtors offered nothing that refuted the claim as filed.  There was no evidence that the child support payments included in the claim were not authorized by the Alabama court order, that the Claimant had failed to properly credit payments made by the Debtors or that the interest was not calculated properly.  Conversely, the evidence included a "Child Support Arrearage Interest Calculation" from the Alabama Child Support Enforcement Division which tended to support the interest portion of Claimant's claim. This exhibit provided a detailed itemization regarding the interest included in the claim which shows each month in which interest was charged, the amount of each interest charge and the cumulative amount of interest due at the end of each month, starting in 1995.

Based upon the foregoing findings and conclusions,

- 9 -

the court concludes that the Debtors' objection to the proof of claim filed by Shulanda Richardson should be overruled and the claim of Shulanda Richardson should be allowed as a domestic support obligation in the amount of $10,468.66 with priority as provided section 507(a)(1)(A) of the Bankruptcy Code.

IT IS SO ORDERED

This 22nd day of October, 2010.

_____

WILLIAM L. STOCKS
United States Bankruptcy Judge